# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

Aalijah W.,

      Plaintiff,                      Case No. 2:23-cv-1955

      v.                           Judge Michael H. Watson

Commissioner of Social Security,      Magistrate Judge Litkovitz

      Defendant.

## OPINION AND ORDER

Aalijah W. ("Plaintiff") objects to the Report and Recommendation ("R&R") that Magistrate Judge Litkovitz issued, ECF No. 11, which recommended that the Court overrule Plaintiff's statement of specific errors and affirm the decision of the Commissioner of Social Security ("Defendant"). Obj., ECF No. 12. For the following reasons, Plaintiff's objections are **OVERRULED**.

## I.    PROCEDURAL HISTORY

Plaintiff applied for supplemental security income and child disability benefits[1] in March 2019, alleging a disability onset date of February 16, 2014. R. 204–13, ECF No. 7-5 at PAGEID # 231–40. The claim was denied initially and upon reconsideration. R. 76–135, ECF No. 7-3 at PAGEID # 101–60. An

---

[1] Claims for child disability benefits are generally considered under the same framework as claims for supplemental security benefits or disability insurance benefits. *See Tarlano v. Comm'r of Soc. Sec.*, No. 3:19-CV-71, 2020 WL 467711, at *1, n. 2 (S.D. Ohio Jan. 29, 2020), *report and recommendation adopted*, No. 3:19-CV-71, 2020 WL 1165688 (S.D. Ohio Mar. 11, 2020) (citation omitted).

administrative law judge ("ALJ") held a hearing and issued a decision finding that Plaintiff was not disabled.  R. 1622–87, ECF No. 7-2 at PAGEID # 1654–1719.[2]

Plaintiff sued in this court on June 19, 2023, challenging the Commissioner's decision.  Mot., ECF No. 1.  Upon consideration of Plaintiff's statement of specific errors, the Commissioner's response, and Plaintiff's reply, Magistrate Judge Litkovitz issued an R&R recommending the Court affirm the Commissioner's decision.  R&R, ECF No. 11.  Plaintiff objects to that R&R.  Obj., ECF No. 12.

## II.    STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b), the Court reviews de novo those portions of the R&R that Plaintiff properly objected to.  The Court may accept, reject, or modify the R&R, receive further evidence, or return the matter to the Magistrate Judge with instructions.  Fed. R. Civ. P. 72(b)(3).

## III.    ANALYSIS

Plaintiff raises only one objection.  In Plaintiff's view, the ALJ did not properly account for the state agency psychologists' (the "Reviewers") opinions.  Obj., ECF No. 12.

Both Reviewers opined that Plaintiff was limited to "superficial social interactions with familiar coworkers and supervisors."  R. 98, 116, ECF No. 7-3 at

---

[2] Plaintiff previously appealed a prior ALJ decision to this Court and the Court, on the parties' joint stipulation, remanded the matter for further proceedings.  *See* Case No. 2:21-cv-2744.

PAGEID # 123, 141.  The ALJ found the Reviewers' opinions persuasive.  R. 1641–42, ECF No. 7-10 at PAGEID # 1673–74.  When creating the residual functional capacity ("RFC"), the ALJ limited Plaintiff to "no work or social interaction or communication with the general public as part of routine job duties"; "occasional interaction with coworkers and supervisors"; and "no tandem work with coworkers."  R. 1632, ECF No. 7-10 at PAGEID # 1664.

The R&R explained that the limitation of "no tandem work with coworkers" was a qualitative limitation that adequately incorporated the "superficial" limitation.  R&R 12–15, ECF No. 11.

Plaintiff disagrees.  First, Plaintiff argues that "no tandem work" does not adequately account for "superficial."  Obj. 2–3, ECF No. 12.  This argument lacks merit.  "Other Courts in this District have repeatedly found that limiting an individual to no team or tandem tasks is sufficient to account for a physician's opinion that an individual be limited to superficial interactions with 'others'."  *Wieman v. Comm'r of Soc. Sec.*, No. 3:22 CV 1045, 2023 WL 5541597, at *3 (N.D. Ohio Aug. 29, 2023).  Thus, this argument is unpersuasive.

Next, Plaintiff argues that even if "no tandem work" can account for "superficial interaction," the ALJ applied the "no tandem work" limitation to only coworkers, not supervisors (the "Supervisor Argument").  Obj. 4–5, ECF No. 12. The Magistrate Judge did not consider the Supervisor Argument because Plaintiff did not make it until her reply.  R&R 14–15, ECF No. 11.  Plaintiff now argues that, because she generally argued that the ALJ failed to properly account for the

"superficial" limitation, she included the Supervisor Argument in her Statement of Specific Errors.  Obj. 4–5, ECF No. 12.

Not so.  In the section of the Statement of Errors that addresses the Reviewers, Plaintiff argues that the ALJ failed to account for the superficial limitation.  St. of Sp. Er. 10–13, ECF No. 8.  Plaintiff does not alternatively offer the Supervisor argument, or, for that matter, *any* alternative argument.  *Id*. Further, the Supervisor Argument did not respond to anything in Defendant's response because the Response contained no arguments that treated limitations to coworkers and supervisors differently.  Resp. 4–10, ECF No. 9.

In sum, the magistrate judge did not err in concluding that Plaintiff did not make the Supervisor Argument until her reply.  "[A]rguments raised for the first time in a reply brief are forfeited."  *Stephens v. Nat'l City Corp.*, No. 20-3746, 2021 WL 3027864, at *3 (6th Cir. June 14, 2021) (discussing a reply to an appellate brief) (citation omitted).  Therefore, the magistrate judge properly declined to consider the Supervisor Argument.

## IV.  CONCLUSION

Plaintiff's objections are **OVERRULED**, the R&R is **ADOPTED**, and the Commissioner's decision is **AFFIRMED.**  The Clerk shall enter judgment for Defendant and terminate this case.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT**